UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 95-10285-RGS

UNITED STATES OF AMERICA

v.

MILTON MORALES a/k/a LUIS RAMOS

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO REDUCE SENTENCE

April 1, 2010

STEARNS, D.J.

Milton Morales (a/k/a Luis Ramos) pled guilty on August 1, 1996, to six counts of an indictment charging him with distribution of cocaine base and heroin. The court at sentencing found the total offense level to be 34 and the criminal history category to be III. The court, however, also found that Morales qualified for career offender status, resulting in a criminal history category of VI and a sentencing guidelines range of 262-327 months. The court imposed a sentence of 262 months, at the low end of the guidelines range. Morales now argues for a two-level downward adjustment in the offense level pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10, with a resulting sentencing range of 210-262 months. Morales asks that the court accordingly reduce his sentence to 210 months. See United States v. McGee, 553 F.3d 225 (2d Cir. 2009).

I agree with the government that the requested reduction in sentence is foreclosed by United States v. Caraballo, 552 F.3d 6, 10 (1st Cir. 2008).[1]  See also United States v.

---

[1] I do not disagree with Morale's assertion that McGee is a case on point. However, as Judge Gertner noted in United States v. Hargrove, 628 F. Supp. 2d 241, 243, 245 (D.

White, 322 F. App'x 266, 2009 WL 1090332 (3d Cir. Apr. 23, 2009). Consequently, the motion for reduction of sentence is DENIED.[2]

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE

---

Mass. 2009), the First Circuit Court of Appeals has taken the contrary approach. First Circuit precedent is, of course, binding on this court.

[2]The result is dictated by law. It is not meant to disparage Morales's efforts to rehabilitate himself while in prison, as attested in the laudatory attachments to his petition.