UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 95-10285-RGS

UNITED STATES OF AMERICA

v.

LUIS RAMOS

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

July 5, 2012

STEARNS, D.J.

On December 11, 1996, defendant Luis Ramos was sentenced on six counts of distributing cocaine base and heroin to which he had pled guilty. Because of two prior robbery convictions, Ramos was sentenced by the court as a career offender to 262 months of imprisonment, the low end of the then applicable guidelines range.

Ramos now seeks a reduction in his sentence based on an amendment to the United States Sentencing Guidelines (U.S.S.G. Amendment 750) that took effect on November 1, 2011. In certain cases, a reduction is authorised by a limited grant of authority by Congress to retroactively revise a sentence. *See* 18 U.S.C. § 3582(c)(2). The U.S.S.G. Amendment 750 lowered the base offense levels for cocaine base (crack cocaine) offenses to reduce the disparity between guidelines ranges for crack and powder cocaine offenses. The government opposes Ramos's motion.

DISCUSSION

Section 3582(c)(2) of Title 18 states as follows.

In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In implementing the Congressional mandate, the Sentencing Commission defined the circumstances in which a guidelines amendment may be applied retroactively. *See* U.S.S.G. § 1B1.10.[1]

---

[1] The version of U.S.S.G. § 1B1.10 at issue this case took effect on November 1, 2011, and provides, in relevant part:

(1) In General. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's

The United States Supreme Court adopted the Commission's approach, mandating a two-step process for applying a retroactive guideline amendment. *See Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010). At step one, the sentencing court is to follow the Commission's instructions in § 1B1.10 for determining a prisoner's eligibility for a sentence reduction. The court is to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the amendment been in effect at the time of the initial sentencing. The court is to "substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Consistent with the limited nature of a § 3582(c)(2) proceeding, the sentencing court may "not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" that results from the substitution. U.S.S.G. § 1B1.10(b)(2)(A). On these strictures, the Court was emphatic: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."

---

applicable guideline range.

(3) Limitation. – Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

*Dillon*, 130 S. Ct. at 2688. At step two, the court is to consider any applicable § 3553(a) factors and then exercise its discretion in determining whether the reduction authorized by step one is warranted in whole or in part in the case of previously sentenced defendant. *Id.* at 2691-2692.

Because Ramos was classified as a career offender, *see* U.S.S.G. § 4B1.1, and not sentenced under the crack cocaine guideline, § 2D1.1, his total offense level of 34 was unaffected by U.S.S.G. Amendment 750.[2] Thus, a reduction in sentence is not authorized. *See United States v. Curet,* 670 F.3d 296, 309 (1st Cir. 2012) ("While the amendments to the guidelines are retroactive, they are of no help to [the defendant] because he is a career offender.").

ORDER

For the foregoing reasons, Ramos's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____

---

[2] The court acknowledges counsel's request to conduct further research that might show some basis of support for Ramos's motion. The court does not intend to preempt that effort, but can find no cases (in this Circuit at least) that would support the motion. Should counsel discover differently, or should there be a change in the law, a motion to reconsider this ruling would be appropriately brought.

UNITED STATES DISTRICT JUDGE